SUPERIOR COURT OF THE STATE OF DELAWARE

**ANDREA L. ROCANELLI**
JUDGE

**LEONARD L. WILLIAMS JUSTICE CENTER**
**500 NORTH KING STREET, SUITE 10400**
**WILMINGTON, DELAWARE 19801-3733**
**TELEPHONE (302) 255-2306**

February 8, 2021

Ms. Sandra DeLane
P.O. Box 212
Cheswold, DE 19936

> RE:  Sandra DeLane v. Jeffrey Rodent Adams (C.A. No. N20C-12-065 ALR)
> **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Dear Ms. DeLane:

By letter dated December 18, 2020, you were notified that the documents you filed as a Complaint did not satisfy the Court's requirements for pleading of claims. Specifically, you were informed that, in connection with ruling on your motion for a waiver of fees, it is necessary for the Court to assess whether the Court has jurisdiction for the claims you make, as well as to decide whether the complaint you filed meets basic requirement to put the opposing party on notice of your claims. That letter also informed you that, to pursue your claims, you must file an amended complaint with short, plain statements setting forth your claims.

In response to the Court's December 18 letter, you filed a single page document titled "Amended Complaint" which requests $30,000 in monetary damages and lists five claims: mental abuse, emotionally depress [sic], physical abuse, mental cruelty, and harassment. You also included medical records as exhibits.

As explained in my December 18, 2020 letter, a well-pleaded complaint puts the opposing party on notice of the claim being brought against that party.[1] "Allegations that are merely conclusory and lacking factual basis, however, will not survive a motion to dismiss."[2] A Complaint must include short, plain statements setting forth your claims. While it is not necessary to include all information supporting your claims, it is only required that you give enough information to state your claims so that the opposing party may be put on notice of the claims against him.

---

[1] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).
[2] *Cornell Glasgow, LLC v. La Grange Props., LLC*, 2012 WL 2106945, at *7 (Del. Super. June 6, 2012) (internal quotation marks omitted).

The Court has concluded that the civil action you filed is both legally and factually frivolous.[3] The documents you filed as an amended complaint do not include adequate information to put the defendant Jeffrey Rodent Adams on fair notice of your claims. Even though self-represented litigants such as yourself may be held to a less stringent standard in presenting their cases under certain circumstances,[4] "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff."[5] The statute requiring court review of complaints for which leave is sought to proceed *in forma pauperis* requires that the civil action be dismissed under these circumstances.

Accordingly, the Court declines to waive filing fees. Moreover, your amended complaint must be dismissed because the civil action sets forth claims that are factually and legally frivolous.[6] Finally, the Court has placed the medical records you filed under seal.

**NOW, THEREFORE, this 8th day of February 2021:**

1. Plaintiff's motion to proceed *in forma pauperis* is hereby DENIED on the grounds that it would be futile to allow Plaintiff to proceed;

2. The amended complaint is hereby DISMISSED WITHOUT PREJUDICE pursuant to 10 *Del. C.* § 8803(b) on the grounds that Plaintiff's Amended Complaint is both legally and factually frivolous; and

3. The medical records filed as exhibits shall be placed UNDER SEAL.

**IT IS SO ORDERED.**

Sincerely,

*Andrea L. Rocanelli*

The Honorable Andrea L. Rocanelli

ALR/lr

---

[3] *See* 10 *Del. C.* § 8803(b) ("[T]he complaint shall be dismissed if the court finds the action is factually frivolous, malicious or, upon a court's finding that the action is legally frivolous and that even a *pro se* litigant, acting with due diligence, should have found well settled law disposing of the issue(s) raised.").

[4] *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015) (TABLE); *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011) (internal citations omitted); *Buck v. Cassidy Painting, Inc.*, 2011 WL 1226403, at *2 (Del. Super. Mar. 28, 2011) (internal citations omitted).

[5] *Buck*, 2011 WL 1226403, at *2.

[6] *See* 10 *Del. C.* § 8803(b).